UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| **JOHN DANIEL DEANE**, | ) | |
| | ) | Case No.: 23-20165-PGC |
| Debtor. | ) | |

**AMENDED MEMORANDUM OF DECISION**[1]

Debtor John Daniel Deane filed a Motion for Order Declaring State Court Order Void as Violation of Automatic Stay, Enjoining Enforcement Thereof, and for Sanctions (D.E. 67) (the "Motion"). In it, he requested an order: (a) finding that his ex-wife, Crystal Wallace, violated the automatic stay by filing a motion in the Maine District Court in Bridgton (the "State Court") seeking to enforce a divorce judgment issued pre-petition (the "Motion to Enforce"); (b) finding that such violation was willful under 11 U.S.C. § 362(k); (c) awarding actual and punitive damages; (d) declaring the March 4, 2024 order (the "Enforcement Order") issued by the State Court void ab initio; (e) enjoining his ex-wife, Crystal Wallace, from any further action to enforce the Enforcement Order; (f) finding that Ms. Wallace's counsel violated Fed. R. Bankr. P. 9011; and (g) barring the State Court from attaching certain allegedly exempt assets. For the reasons stated below, the Court finds that Ms. Wallace willfully violated the automatic stay and, therefore, that the Enforcement Order is void ab initio. The Court will hold a hearing to assess whether damages for costs, lost income, and emotional distress are appropriate. All other relief sought in the Motion, including Mr. Deane's request for punitive damages, is denied.

[1] This decision replaces the Memorandum of Decision issued by the Court on September 18, 2026 (Docket Entry ("D.E.") 128.

**Facts.**

On February 14, 2023, the State Court issued a divorce judgment which, among other things, awarded the parties' marital real estate to Mr. Deane and required him to pay Ms. Wallace $30,000 on or before July 1, 2023. Nearly six months later, on August 3, 2023 (the "Petition Date"), Mr. Deane filed a petition for relief under chapter 7 of the United States Bankruptcy Code. In his schedules, filed contemporaneously with his petition, Mr. Deane listed Ms. Wallace as a creditor. This Court issued a Notice of Chapter 7 Bankruptcy Case on August 4, 2023, which the Bankruptcy Noticing Center mailed to Ms. Wallace at the address shown on Mr. Deane's schedules. The chapter 7 trustee issued a Report of No Distribution on October 6, 2023.

At some point after the Petition Date and while Mr. Deane's chapter 7 case remained pending, Ms. Wallace's counsel filed the Motion to Enforce in State Court seeking an order compelling Mr. Deane to pay her $30,000 in accordance with the divorce judgment. On November 16, 2023, counsel for Ms. Wallace emailed Mr. Deane in connection with the pending State Court action and noted her inability to corroborate Mr. Deane's allegation that the $30,000 obligation had been discharged in the bankruptcy case.

On March 4, 2024, the State Court issued the Enforcement Order directing Mr. Deane to pay Ms. Wallace $30,000 plus an additional $1,000 of Ms. Wallace's attorney fees. This Court issued Mr. Deane a chapter 7 discharge on April 1, 2024, and the bankruptcy case was closed on April 8, 2024.

Over two years later, on April 13, 2026, Ms. Wallace filed a motion in the State Court requesting that Mr. Deane be held in contempt for his continued failure to pay the $30,000 awarded in the pre-petition divorce judgment and the $1,000 in attorney fees assessed in the Enforcement Order issued during the pendency of the bankruptcy case motion (the "Contempt

Motion"). On May 12, 2026, Mr. Deane filed a motion seeking the reopening of the case to pursue claims against Ms. Wallace and her counsel. The Court reopened the case on June 16, 2026 and then Mr. Deane filed the Motion.

Following a July 28, 2026 hearing on the Motion, the Court directed Mr. Deane to file an affidavit establishing the damages he allegedly suffered as a result of the alleged stay violation. He did so on August 6, 2026, maintaining that he incurred $2,203.79 of costs, lost income of $1,687.50, "non-compensable time burden" expenses of $5,512.50 (though he does not seek recovery of this amount), and $5,000 of emotional distress damages.

**Discussion.**

When Mr. Deane filed the motion to reopen this case, he argued that the $30,000 divorce obligation to Ms. Wallace was discharged in his bankruptcy case. He now recognizes that this type of debt is not subject to discharge in a chapter 7 case pursuant to 11 U.S.C. §§ 523(a)(15) and 727(b). For the sake of clarity, the divorce judgment remains a valid judgment and Mr. Deane continues to remain liable for the $30,000 award. With this in mind, the Court turns to the relief requested by Mr. Deane.

1. Automatic Stay

Once a bankruptcy petition is filed, the automatic stay prevents creditors from taking actions against the debtor or property of the debtor's estate to collect on pre-petition debts. 11 U.S.C. § 362(a). Specifically, the automatic stay prohibits, among other things, "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title" and "any act to collect, assess, or recover a claim against the debtor." 11 U.S.C. § 362(a)(2), (6). The stay of an act against the debtor continues

until the earlier of the time the case is closed, the case is dismissed, or in a chapter 7 case concerning an individual, the time a discharge is granted. 11 U.S.C. § 362(c)(2).

Neither party provided the Court with a copy of the Motion to Enforce, so it could not determine: (a) the precise nature of the relief requested by Ms. Wallace; or (b) the exact date on which that motion was filed. Ms. Wallace does not contest Mr. Deane's characterization, however, that the Motion to Enforce constituted an act against Mr. Deane to enforce the pre-petition divorce judgment and/or to collect the $30,000. Therefore, the Court finds that the Motion to Enforce implicated subparagraphs (2) and (6) of 11 U.S.C. § 362(a).

Ms. Wallace also does not contest Mr. Deane's assertion that she filed the Motion to Enforce after the Petition Date. In response to that motion, the State Court entered the Enforcement Order approximately one month before this Court entered the discharge order on April 1, 2024. Therefore, the Court concludes that Ms. Wallace filed the Motion to Enforce while the automatic stay remained in effect as to Mr. Deane and in violation of 11 U.S.C. § 362(a). *Foster v. Burns* (*In re Foster*), 574 B.R. 19, 26 (Bankr. D. Me. 2017) ("The mere act of filing [a] Motion to Enforce violates § 362(a)(2) and (6).").

2. Willfulness

Mr. Deane alleges that Ms. Wallace's violation of the automatic stay was "willful" within the meaning of 11 U.S.C. § 362(k)(1). A creditor willfully violates the automatic stay if the creditor is aware of the stay and takes an intentional action that violates it. *Internal Revenue Serv. v. Murphy*, 892 F.3d 29, 38 (1st Cir. 2018); *Vázquez Laboy v. Doral Mortg. Co.* (*In re Vázquez Laboy*), 647 F.3d 367, 375 (1st Cir. 2011). Specifically, the Court looks to whether a creditor received notice of the debtor's bankruptcy filing prior to an alleged automatic stay violation. *See Harvey v. United Techs.* (*In re Harvey*), 388 B.R. 440, 447 (Bankr. D. Me. 2008)

(citing *Knaus v. Concordia Lumber Co.* (*In re Knaus*), 889 F.2d 773, 775 (8th Cir. 1989) for the statement that "[a] willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition").

Ms. Wallace received notice of the chapter 7 bankruptcy case within days of the Petition Date and yet caused her counsel to file the Motion to Enforce. Ms. Wallace and her counsel continued to prosecute the motion even as counsel's November 13, 2026 e-mail to Mr. Deane evidenced her awareness that Mr. Deane had already commenced, or would be commencing, a bankruptcy case. Ms. Wallace and her counsel may have mistakenly believed that either (a) the automatic stay did not apply to her nondischargeable claim or (b) no stay remained in place after the chapter 7 trustee filed his Report of No Distribution. However, a good faith belief in a right to the property is "not relevant to determining whether the creditor's violation" is willful, and mistake is no defense. *Fleet Mortg. Group, Inc. v. Kaneb,* 196 F.3d 265, 268 (1st. Cir. 1999) (quoting *Murphy*, 892 F.3d at 38). Against the backdrop of this strict standard, the Court finds that Ms. Wallace willfully violated the automatic stay.

3. <u>Actual Damages</u>

Under § 362(k)(1), a debtor may seek to recover actual damages resulting from "any willful violation of a stay" and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. 362(k)(1). Mr. Deane seeks: (1) actual damages in the amount of $2,203.79 for various costs and $1,687.50 in lost income; (2) $5,000 related to emotional distress; and (3) punitive damages.

A debtor seeking damages under § 362(k)(1) bears the burden of proving by a preponderance of the evidence that they suffered damages as a result of the willful violation of the automatic stay. *Slabicki v. Gleason* (*In re Slabicki*), 466 B.R. 572, 577–78 (B.A.P. 1st Cir.

2012). To successfully recover damages, a debtor must establish the extent of those damages in some definite amount. *See, e.g., Heghmann v. Indorf* (*In re Heghmann*), 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004) ("[A]ctual damages should be awarded only if there is concrete evidence supporting the award of a definite amount."); *Foster*, 574 B.R. at 30-31 (a "vague estimation . . . not supported by definitive testimony or documentation" does not support actual damages for medical costs).

At the July 28, 2026 hearing on the Motion, Mr. Deane generally alleged that he had incurred costs in connection with defending against the Motion to Enforce but he could not provide a specific figure. At the conclusion of the hearing, the Court directed Mr. Deane to file an affidavit establishing the costs he incurred because of Ms. Wallace's violation of the automatic stay. The affidavit Mr. Deane subsequently filed identifies the total figure for such alleged costs and states another figure representing lost income. The affidavit, however, provides no concrete evidentiary support such as receipts, statements, invoices, payroll records, or other documentation of the kind that is expected when substantiating damages based on fees, costs or lost income. Mr. Deane notes in his affidavit that he maintains such records, and they are available upon request. The Court will schedule an evidentiary hearing to provide Mr. Deane a final opportunity to establish his damages with the requisite specificity.

4. Punitive Damages

Whether or not punitive damages are appropriate is left to the sound discretion of the bankruptcy court. Such damages "usually require more than [a] mere willful violation" of the automatic stay. *Heghmann*, 316 B.R. at 405. *See also Foster*, 574 B.R. at 31 ("Punitive damages are intended to cause change in a creditor who is found to have acted in 'arrogant defiance' of the Code.") (quoting *In re Panek*, 402 B.R. 71, 77 (Bankr. D. Mass. 2009)). Courts

often limit the imposition of punitive damages to cases where there is "egregious, intentional misconduct[,]" and some courts consider their deterrent effect in determining punitive damages. *Id.* at 405–06 (quoting *Lovett v. Honeywell, Inc.*, 930 F.2d 625, 628 (8th Cir. 1991). Additionally, while a mistake of law is not a defense to liability under 11 US.C. § 362(k), such a mistake is a mitigating factor with respect to punitive damages. *Id.*

During the July 28, 2026 hearing, counsel for Ms. Wallace stated that she did not know the stay was in place when she filed the Motion to Enforce. Although Ms. Wallace was served with a Notice of Bankruptcy Filing, her counsel apparently construed Mr. Deane's refusal to provide her with case information as evidence that he had not yet filed his petition. Counsel also stated that she proceeded with the Motion to Enforce in the mistaken belief that the automatic stay did not preclude her from seeking payment of a nondischargeable debt.

While these excuses do not absolve Ms. Wallace or her counsel from a finding of willfulness, the Court does not find the filing of the Motion to Enforce to constitute egregious behavior or an arrogant defiance of the Bankruptcy Code. Thus, no punitive damages are awarded to Mr. Deane.

5. The Enforcement Order

The First Circuit has "consistently recognized that actions in contravention of an automatic stay are void and have no legal effect." *Triangle Cayman Asset Co. v. LG and AC, Corp.*, 52 F.4th 24, 35 (1st Cir. 2022) (citing *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 976 (1st Cir. 1997)); *see also Figueroa v. Banco Popular de Puerto Rico Title Ins. Co. ABC* (*In re Carreras Figueroa*), No. 19-5336 (MCF), 2026 WL 931636, at *2 (Bankr. D.P.R. Apr. 6, 2026). Ms. Wallace violated the automatic stay by filing the Motion to Enforce and, therefore, the motion itself is void ab initio. *See In re Advent Corp.*, 24 B.R. 612, 614

(B.A.P. 1st Cir. 1982). Because the motion is void ab initio, the resultant Enforcement Order is also, necessarily, void. *C.W. Mining Co. v. Bank of Utah* (*In re C.W. Min. Co.*), 465 B.R. 226, 237 (Bankr. D. Utah 2011) ("To be void is to be invalid, of no legal force or effect or incapable of being enforced by law. As the Tenth Circuit has explained, 'void' does not mean never occurring—it means the law does not recognize the act. . . . [O]rders or judgments entered in violation of the stay have no legal effect.") (citing *Sender v. Simon*, 84 F.3d 1299, 1308–09 (10th Cir. 1996)).

6. Protective Order under 11 U.S.C. § 105(a)

Mr. Deane requests a protective order under 11 U.S.C. § 105(a) to prevent Ms. Wallace from seeking a State Court order requiring Mr. Deane to pay the amounts due to Ms. Wallace by the divorce judgement from exempt or otherwise protected assets. A bankruptcy court's jurisdiction has been narrowly defined as original and exclusive jurisdiction of all cases under title 11, and original, but not exclusive, jurisdiction of civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334. Ms. Wallace's attempt to enforce a pre-petition state court judgment more than two years after Mr. Deane's case closed does not relate in any way to this bankruptcy case, which has been opened temporarily, and for the limited purpose of determining whether Ms. Wallace violated the automatic stay. The bankruptcy estate has been fully administered, Mr. Deane received his discharge, and the case was closed. There is no estate to protect and no automatic stay currently in effect. In this context, this Court simply has no authority to issue an order limiting the State Court from enforcing its non-void orders and judgments through sanctions.

7. Sanctions Under Fed. R. Bankr. P. 9011

Mr. Deane also contends that Ms. Wallace's counsel should be sanctioned for pursuing the Motion for Contempt in State Court. That motion explicitly seeks an order finding Mr. Deane in contempt of both the divorce judgment and the Enforcement Order. D.E. 50, page 21. While the Enforcement Order is void, the divorce judgment continues to be a valid judgment for which Mr. Deane remains liable to Ms. Wallace. Ms. Wallace is precluded from seeking payment of the $1,000 in attorney fees awarded under the Enforcement Order, but she is fully entitled to use all remedies available to her under applicable state law to collect the amounts due to her under the divorce judgement. The Court therefore denies Mr. Deane's request for relief under Fed. R. Bankr. P. 9011.

**Conclusion.**

The Motion is granted in part. Specifically, the Court concludes that Ms. Wallace willfully violated the automatic stay by filing the Motion to Enforce. As such, the Enforcement Order is void. The Court will conduct an evidentiary hearing to assess whether the award of actual damages for costs, lost income, and emotional distress is appropriate. The remaining relief requested by Mr. Deane, including his request for punitive damages, is denied.

Dated: October 5, 2026

/s/ Peter G. Cary
Chief Judge Peter G. Cary
United States Bankruptcy Court
for the District of Maine