UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>JOHN DANIEL DEANE,<br><br>Debtor. | Chapter 7<br>Case No. 23-20165 |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court is in receipt of John Daniel Deane's motion seeking reconsideration of its Order Denying Debtor's Motion to Expedite Ruling on Motion for Leave to Appear Remotely at Evidentiary Hearing issued on November 4, 2026 (Docket ("D.E.") 180) (the "Order Denying Remote Appearance"). Mr. Deane does not indicate whether he seeks relief under Fed. R. Civ. P. 59(e) or 60(b), both of which are made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7059 and 7060. As Mr. Deane fails to establish a basis for relief under either rule, the Court will deny his motion.

To succeed under Rule 59(e), a movant "'must either clearly establish a manifest error of law or present newly discovered evidence.'" Markel Am. Ins. Co. v. Díaz -Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (*quoting* F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Motions under Rule 60(b) are granted sparingly due to the extraordinary nature of the relief supplied under that rule. Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (*citing* Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)). "Success . . . requires more than merely casting doubt on the correctness of the underlying judgment." Id.

Mr. Deane contends, in issuing the Order Denying Remote Appearance, the Court failed to consider: (1) the description of Mr. Deane's disability as set forth in a previously unfiled motion; (2) the Debtor's current illness; and (3) the Debtor's financial condition. He further contends that the

Court mistakenly applied the law.[1] None of these arguments are compelling under either Rule 59(e) or Rule 60(b).

Initially, the Court notes that Mr. Deane attached email correspondence allegedly evidencing the transmission of his unfiled motion on October 16, 2026. The Clerk's Office has no record of ever having received either of the emails sent on that date or of having replied to those e-mails confirming their receipt. As an individual who has, by his own admission, "successfully filed numerous documents through [the Court's designated email address] throughout this case," Mr. Deane is well aware of the Clerk's Office's practice of confirming receipt of email submissions by return email denoting the docket number at which the document was filed. Mr. Deane himself concedes that he received no such confirmation. The fact that Mr. Deane emailed the same motion a second time suggests he suspected the filing had not been properly transmitted on his first attempt. Regardless, the Court never received that first motion and would have denied it for the same reason it denied the motion filed on November 3, 2026.

Unlike the motion on which the Court ruled in the Order Denying Remote Appearance, the motion Mr. Deane attempted to file on October 16, 2026 does generally describe the disabilities that make travel "physically and psychologically difficult." This new information, however, is not sufficiently compelling to justify reconsideration. It continues to be unclear when Mr. Deane traveled to Florida, or what circumstances compelled him to relocate between the July 28, 2026 hearing at which he made no mention of an impending move, and October 8, 2026, when he filed his change of address, but two things are evident: (1) Mr. Deane chose, of his own volition, to relocate to

[1] Mr. Deane's sprawling motion also seems to challenge the Court's November 4, 2024 Order Denying Debtor's Motion in Limine to Exclude Irrelevant Exhibits and Testimony and Debtor's Supplemental Motion in Limine to Exclude Defendant's Exhibits for Failure to Comply with Pretrial Order Exchange Requirements (D.E. 176) but the Court cannot decipher a coherent argument with respect to that order. Moreover, none of the exhibits have yet been admitted into evidence and Mr. Deane will have the opportunity to object to their admission at the time of trial. The Court sees no basis for revisiting that order.

Florida during the pendency of litigation both in state court and before this Court; and (2) he was capable of making the trip to Florida at some point within the previous three months.

While reiterating the disabilities in his October 16, 2026 motion, Mr. Deane also argues in his motion seeking reconsideration that the Court should have granted the November 3, 2026 motion because he is now suffering from a "severe sinus infection and bronchitis that is developing into pneumonia." Frankly, the Court is unable to accept this dubious diagnosis at face value. Putting aside the Court's skepticism that a medical professional would diagnose a one medical condition as "becoming" another condition (either Mr. Deane has pneumonia or he does not), this latest excuse seems to be one more example of Mr. Deane's continued efforts to avoid paying a valid, nondischargeable state court judgment entered well over three years ago.[2]

To summarize well-traveled procedural history, a divorce judgment entered on February 14, 2023, directing Mr. Deane to pay a property settlement in the amount of $30,000 to his ex-spouse, Crystal Wallace, on or before July 1, 2023. On August 3, 2023, Mr. Deane filed a chapter 7 petition for relief. The $30,000 obligation was nondischargeable in the chapter 7 case pursuant to 11 U.S.C. § 523(a)(15). Ms. Wallace violated the automatic stay by filing a motion in state court during the pendency of the chapter 7 case seeking to enforce the divorce judgment. On March 4, 2024, the state court once again ordered Mr. Deane to pay the $30,000 obligation and also ordered him to pay $1,000 of Ms. Wallace's attorney fees.

Mr. Deane's chapter 7 case closed on April 1, 2024. More than two years later, Ms. Wallace continued her efforts to recover the $30,000 owed to her by Mr. Deane. On April 15, 2026, she filed

---

[2] Mr. Deane contends that the Court accepted as true, for the purpose of granting the Debtor's Motion for Leave to File Witness List, Exhibit List, and Accompanying Motions Out of Time, the severity of his alleged illnesses. The Court did grant that motion, but not because Mr. Deane's excuses rang true or justified the extension. Both Mr. Deane and Ms. Wallace failed to satisfy in full the deadlines and requirements set forth in the Pretrial Order Governing Evidentiary Hearing on Damages. In an effort to be evenhanded and allow each party the opportunity to present his or her best case, the Court allowed Mr. Deane the additional time to submit his witness and exhibit list, just as he denied Mr. Deane's request to exclude exhibits Ms. Wallace failed to timely exchange. The decision in no way relied upon Mr. Deane's alleged excuses for the late filing.

a motion for contempt in state court. Mr. Deane responded by filing a motion in this Court on May 12, 2026 seeking to reopen this case for the purpose of enforcing the discharge injunction as to Ms. Wallace. Once Mr. Deane realized his chapter 7 case did not discharge the $30,000 debt, he changed tack and sought a determination that Ms. Wallace violated the stay. He further asked this Court to enjoin the state court from holding him in contempt of the divorce judgment. The Court entered an order on October 5, 2026 finding that Ms. Wallace violated the automatic stay and, therefore, that the March 4, 2024 state court order was void *ab initio*. The Court also found, however, that it lacked authority to prevent the state court from holding Mr. Deane in contempt of the valid February 14, 2023 divorce judgment.

After almost four years of trying to collect on the divorce judgment, the path has been cleared for Ms. Wallace to pursue a contempt order in state court. The Court does not know, and will not speculate, whether these developments are what prompted Mr. Deane to relocate to Florida. Regardless, his dogged refusal to pay this debt and his constantly evolving legal and factual arguments before this Court underscore the need for him to testify in person in support of his claims for damages from emotional distress and lost income. Without observing his demeanor in person, the Court is simply incapable of determining Mr. Deane's credibility; whether in the context of his request for damages or his alleged inability to appear in person on November 10, 2026.

Mr. Deane relies heavily upon the Advisory Committee Notes to Fed. R. Civ. P. 43(a) which state that the "most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness . . ." Mr. Deane urges the Court to accept his allegations of disability, illness, and financial hardship as the only relevant factors in determining whether he should be excused from appearing in person. In doing so, Mr. Deane loses the forest for the trees. While those factors are *likely* to constitute compelling circumstances, they do not *per se* require a witness to be excused from testifying in person. Other circumstances may be equally, or more, compelling.

In this case, the Court is not convinced that Mr. Deane is incapable of returning to Maine for the evidentiary hearing. Even if Mr. Deane does face challenges, however, the Court finds other circumstances in this case more compelling; specifically his manner of conduct in this proceedings before this court and his decision to relocate in the midst of ongoing litigation including, in the case of this contested matter, a proceeding he commenced in a forum of his choosing. When these circumstances are weighed against Mr. Deane's unsubstantiated claims, the Court can find no manifest error, mistake, or excusable neglect in its Order Denying Remote Appearance. To the extent that the original motion Mr. Deane attempted to file on October 16, 2026, or the motion seeking reconsideration itself, present new evidence, that evidence is not compelling.

The Debtor's Emergency Motion for Reconsideration of Order (D.E. 177) and Renewed Motion for Leave to Appear Remotely at Evidentiary Hearing on Damages is therefore DENIED. Should Mr. Deane choose not to attend the November 10, 2026 hearing in person, he may still be entitled to damages should the Court find any costs alleged by Mr. Deane to be actual, reasonable and appropriately linked to the stay violation after considering documents filed by Mr. Deane and Ms. Wallace, as well as any evidence introduce by Ms. Wallace at the evidentiary hearing.

Dated: November 6, 2026

/s/ Peter G. Cary
United States Bankruptcy Court
District of Maine